No. 10,892.

BURTIS, ADMINISTRATRIX, v. FREEMAN, ET AL., RECEIVERS.

Decided April 6, 1925.

Action under the federal employers liability act. Judgment for defendants.

*Affirmed.*

1. MASTER AND SERVANT—*Safe Working Place—Negligence.* Permitting snow and ice to accumulate along railroad tracks in a snow-shed, held not to be evidence of negligence causing the death of a railroad brakeman, he falling or jumping from a moving freight train against the snow bank, from which he slid under the train and was killed.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. FRANK L. HAYS, Mr. PAUL MOSS, for plaintiff in error.

Messrs. SMITH & BROCK, Mr. ELMER L. BROCK, for defendants in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THE plaintiff in error, plaintiff below, as administratrix of the estate of Samuel M. Burtis, deceased, brought this action against the defendants in error, to recover damages for the death of her intestate, alleged to have been caused by the negligence of the receivers of the Denver & Salt Lake Railroad Company while he was in their employ. The train on which Burtis was employed when killed was

engaged in interstate commerce and the action was brought under the Federal Employers' Liability Act.

At the close of all the evidence, the trial court, on motion of defendants, directed a verdict for defendants. Judgment was entered on such verdict, and plaintiff brings the case here.

One of the grounds of the motion for a directed verdict, and upon which the motion was sustained, is that there is no evidence of negligence on the part of the defendants. The deceased was killed in the course of an employment as brakeman on a freight train operated by defendants. The accident, resulting in his death, occurred while the train was passing through a snowshed, in the mountains. Both sides assume that the probabilities are that Burtis was on top of some car while the train was passing through the shed, and either fell or jumped off the train, and that in so doing, he struck or fell against a bank of snow and ice and slid down under the train. This happened between 10 and 11 o'clock p. m. on the night of June 6, 1921.

It is contended that the defendants were negligent in allowing snow and ice to lay, or be piled up, along the tracks in the snow shed. We are unable to hold that this circumstance was evidence of any negligence which might have caused the accident in question. The snow shed was not near any railroad station or yard. The deceased had no duties to perform on the ground along the track, nor was any train employe ever expected to be there while a train was moving by. It is admitted that there was danger of being overcome by smoke and gas if a brakeman remained on top of the train while it was passing through the snow shed, but no trainman was required to be on top of any car under such circumstances, and a regulation of defendants expressly permitted brakemen to remain away, it reading, in part, as follows: "Brakemen will not be required to ride on top of train passing through snowsheds or at any point in the snow shed district between mile post 60 and west end Corona shed."

The defendants owed no duty to their brakemen to keep

their tracks and snow sheds in some other condition than that in which they were. Cases cited by plaintiff in error regarding the duty of an employer to furnish his servant a reasonably safe place in which to work are readily distinguishable from the instant case. A further description of the circumstances and conditions surrounding the employment and the accident is unnecessary. There was no error in directing the verdict.

The judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.